CITIES SERVICE OIL COMPANY, Respondent, v. 307 SUMMER STREET, INC., et al., Appellants.— Appeal stricken from calendar for reasons set forth in the memorandum, without prejudice to the right to restore the appeal to the calendar upon filing adequate papers on appeal. Memorandum: The order appealed from was made upon plaintiff's third motion to preclude. The first motion was denied when defendants served a purported bill of particulars

at the time of the argument. Believing it inadequate, plaintiff moved a second time and defendants then attempted to serve a supplemental bill of particulars which Special Term rejected and ordered preclusion unless defendants served a further bill. Defendants then served a third bill of particulars which plaintiff moved against and it is the order of preclusion made upon this motion which is the subject of this appeal. Annexed to the moving papers is a copy of the first order of preclusion which indicates the items which the court felt were insufficient. The only bill of particulars contained in the record is the so-called "supplemental bill of particulars", which is the third bill furnished by defendants, in which many references are made to the original bill of particulars. The record does not contain either the original or the second bill of particulars or any of the papers on the two previous motions. The absence of these documents makes the record patently incomplete and an intelligent review of this appeal impossible. Respondent's brief complains about this deficiency in the following statement — "Although defendants have not seen fit to print their first two purported bills of particulars as part of the record on this appeal, it suffices to say that those 'particulars' were before the Court below when it made the order of February 27, 1959." There was, of course, a remedy available to respondent to correct this defect in the record (Rules Civ. Prac., rule 234). This admission of the failure to print pleadings which were before the Special Term underscores the dilemma facing this court. An order made "upon all the pleadings and proceedings heretofore taken" cannot be reviewed when so many of the necessary prior pleadings are absent from the record. It is obvious that this appeal must be stricken from the calendar but may be restored upon the filing of a proper record on appeal. All concur. (Appeal from an order of Erie Special Term precluding defendants from giving certain evidence unless a bill of particulars is furnished within 20 days, containing information which had been demanded.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.